## ELKIN v. GREGORY.

1. Defendant's crop having been levied upon under a warrant to enforce a rent lien in favor of A, defendant reclaimed his crop under section 2404 of General Statutes. This same crop was afterwards levied upon under a warrant to enforce a lien for supplies in favor of B. A then ruled the sheriff to show cause why he had failed to obey her (A's) warrant. B intervened, claiming priority, and the court adjudged that A had the superior lien; and there was no appeal. Afterwards, by the same judge, in another Circuit, and out of his own, an order was passed, without notice to B or the sheriff, requiring the sheriff to pay to the debt due to plaintiff so much of the crop levied upon as was sufficient. *Held*, that defendant had no status in court that would entitle him to resist this order, for it was directed to the sheriff under a rule to which defendant was no party.

2. *Held, further*, that B could not object, the only issue between him and the other parties having been settled against him by a decree from which he had not appealed. If there be a surplus in the sheriff's hands after paying A, B must look to the sheriff for redress.

Before WALLACE, J., Fairfield, May, 1886.

The opinion states the case.

*Messrs. Johnstone & Cromer*, for appellants.

*Messrs. Obear & Rion*, contra.

March 23, 1889. The opinion of the court was delivered by MR. JUSTICE McIVER. The plaintiff having leased certain

lands to the defendant, Gregory, for the year 1884, obtained from the clerk of the court, on October 15, 1884, a warrant to enforce her lien on the crops grown on said lands during that year, directed to the sheriff of the county. In obedience to said warrant, the sheriff "levied upon and seized certain crops. in quantity, as the plaintiff alleges, fourteen thousand pounds of seed cotton, more or less, and about five thousand pounds of seed cotton not picked, made and grown by said Bolin Gregory on said land." On October 21, 1884, Gregory having given bond, as provided for by section 2404 of the General Statutes, regained possession of the property so levied upon. After this, the defendants, Dominick & Co., claiming to have a lien for supplies furnished Gregory, anterior in date to that of plaintiff, obtained a warrant to enforce their lien, under which the crops were again levied upon by the sheriff. Thereupon the plaintiff made an affidavit, which appears in full in the "Case," setting forth the grounds of her claim, and the issuing of her warrant and the levy thereunder by the sheriff, and stating "that said sheriff, instead of applying the proceeds of said crop to the payment of the rent due this deponent, delivered said crop to Messrs. Dominick & Co., whereby the said sheriff has failed to obey the mandate of said warrant."

Upon hearing this affidavit, a rule was granted by Judge Wallace, requiring the sheriff to show cause why he should not be attached for failing to obey the mandate of said warrant. To this rule the sheriff made a return, which is likewise set out in the "Case," stating, in substance, that after the crops had been levied under plaintiff's warrant, and the return of the same to Gregory, upon his compliance with the provisions of section 2404 of the General Statutes, the said crops were also levied upon under a warrant issued at the instance of Dominick & Co., after the return of the same to Gregory. The sheriff does not state specifically in his return what crops were levied upon under either of the warrants, nor does he deny that he had levied on, under plaintiff's warrant, the specific property designated by her in her affidavit, but simply designates the property levied on as "the crops." Nor does it appear from the sheriff's return, or from anything else that we can discover in the "Case," what disposition was

made of "the crops" after they were levied on under the warrant issued at the instance of Dominick & Co., as it is not stated that Gregory reclaimed them, under the provisions of section 2404 of the General Statutes, after that levy. In the absence, therefore, of any such statement, or any denial of the statement to that effect in the affidavit of the plaintiff, we must assume that the sheriff either turned over "the crops" levied on to Dominick & Co., or sold the same and paid over the proceeds to those defendants.

It seems that in this proceeding by rule on the sheriff, the defendants, Dominick & Co., intervened, and filed an affidavit, called a return, setting up their claim to priority of lien; and this issue was heard by his honor, Judge Wallace, who, on May 13, 1885, filed his decree, adjudging that the plaintiff was entitled to priority of payment from the proceeds of said crops, "and that she have leave to apply at the foot of this decree for all necessary orders to carry it into effect." Notice of appeal from this decree was duly given, but the appeal was subsequently abandoned.

No further step seems to have been taken until May 15, 1886, when the plaintiff, without notice to the defendants or their attorneys, applied for and obtained from Judge Wallace, at chambers, in Columbia, an order, which, after setting out substantially the above mentioned decree, required the sheriff to pay to the plaintiff or her attorneys, "from the proceeds of the crops levied upon by him under the warrant obtained by Mattie L. Elkin against Bolin Gregory, a sum sufficient to satisfy the rent due her by said Bolin Gregory, to wit, six thousand pounds of lint cotton, and the grain and long food claimed, and also a sum sufficient to pay the costs and expenses of this proceeding, to be taxed by the clerk of said court; and in the event of the failure or refusal of said sheriff so to do, that the said rule become absolute." The existence of this order remained unknown to the defendants until February 23, 1888, when notice was given to their attorneys by the attorneys for plaintiff that such order was on file in the record of this case. But whether anything was done under said order, or whether its directions were complied with by the sheriff, does not appear.

Upon receipt of the notice of the filing of the order, the defendants, Bolin Gregory and Dominick & Co., at once gave notice

of appeal upon the following grounds: I. Because neither the defendants nor their attorneys had notice of the application for said order. II. Because said order was passed at chambers, and these appellants never consented that the application therefor should be heard at chambers. III. Because the order was not passed within the Circuit where this cause was pending by a judge having jurisdiction. IV. Because the order was not passed out of the Circuit where this cause was pending by a judge having jurisdiction. V. Because the order does not correctly state the amount due on plaintiff's lien.

It is somewhat difficult to understand how the appellants have acquired any status in this court, so as to enable them to make any of the questions raised by their grounds of appeal. This case originated in a rule on the sheriff to show cause why he should not be attached for failing to execute a warrant placed in his hands to enforce plaintiff's lien, and to that proceeding Gregory never became a party in the court below, so far as we can perceive, and, therefore, we do not see how he can, in this court, question any order of the Circuit Court in such proceeding. He did not intervene in that proceeding, nor did he take any steps to contest the amount due on plaintiff's lien. It is said, however, that he could not do so, under the provisions of section 2398 of the General Statutes, as by that section it is provided that the lienor may at any time, within thirty days after the sale by the sheriff, give notice to that officer that the amount claimed is not justly due, accompanied with his affidavit to that effect, when an issue could be framed to try that fact. Whether the sheriff has ever sold the crops levied on or not, does not appear. If he has not, then, certainly, he was amenable to this rule for not obeying the mandate of the warrant, and the lienor has no right to interfere. If the sale has been made by the sheriff, and no steps have been taken by Gregory, under the provisions of section 2398 of General Statutes, within the prescribed time, then it is equally clear that he is an unauthorized intruder and cannot be heard.

The fact that when the crops were first levied on by the sheriff, Gregory reclaimed the property under the provisions of section 2404 of General Statutes, cannot make him a party to this proceeding, in view of what subsequently occurred; for the property

was again levied on by the sheriff under the warrant procured by Dominick & Co., and there is not only no evidence that Gregory again reclaimed possession under the provisions of section 2404 of General Statutes, but, on the contrary, it is stated in the affidavit of plaintiff, and not denied either in the return of the sheriff or in the affidavit of Dominick & Co., that, after the last seizure, the sheriff, instead of applying the proceeds of the property levied upon to the payment of plaintiff's lien, "delivered said crops to Messrs. Dominick & Co." What would have been the relations of the parties and the proper proceedings to be pursued if Gregory had retained possession of the property levied on, or had regained possession after the seizure under the warrant issued to enforce the lien of Dominick & Co., we need not consider, as no such case is presented in the record. The case as presented is simply this, that the sheriff, instead of applying the proceeds of the property seized to the payment of plaintiff's lien, has applied the same to the lien of Dominick & Co., which has been adjudged to be the junior lien.

Next, as to the right of Dominick & Co. to be heard here. When they intervened in the court below, the only issue which they raised was as to the priority of the liens, and when that issue was adjudged against them, and the appeal from such adjudication was abandoned, it would seem that their claim was finally disposed of, and their connection with the case terminated. The consequence of that adjudication clearly was to establish the right of the plaintiff to be first paid out of the proceeds of the property levied upon by the sheriff under the two warrants; and if that officer failed or refused to perform his duty as thus ascertained by the final judgment of a competent tribunal, he could, unquestionably, be required to do so under pain of attachment. If he applied, from the proceeds of the property levied upon by him, more than was sufficient to satisfy plaintiff's lien, together with the costs which she had incurred in enforcing her rights, the junior lien creditors, Dominick and Co., must look to the sheriff for redress, and certainly have no right to question an order requiring the sheriff to pay to plaintiff a sum sufficient to satisfy her lien and costs, which had been judicially ascertained to be entitled to priority.

It will be observed that the sheriff in his return raises no question as to whether the property levied upon was sufficient to satisfy the plaintiff's lien. He does not state, as he should have done, the amount of money which either was, or ought to have been, in his hands arising from the sales of the property seized under the two warrants. and ask the instructions of the court as to how he should apply such amount, to which these conflicting claims were made. But he simply says, after stating the facts as to the seizure of "the crops" and the conflicting claims made thereto, that "being unable to determine the conflicting claims of the parties aforesaid to the crops aforesaid, he has declined to enforce either of the warrants aforesaid until he shall have been further directed in the premises." What disposition was made of the property levied on under the warrant issued to enforce the lien to Dominick & Co., when it does not appear to have been reclaimed by Gregory, the sheriff does not state in his return. If he turned it over to Dominick & Co., as stated in the affidavit of plaintiff, instead of selling it and holding the proceeds subject to the order of the court, as he should have done, he did so at his peril, and he must now abide the consequences.

Whether the sheriff, who, it seems to us, was the only person entitled to notice of the application for the order appealed from, if any one was so entitled, had such notice, does not appear, nor does it appear whether he consented to the hearing of the application at the time and place, and by the judge, where, when, and by whom it was heard; and even if such notice and consent were necessary, we would assume, in the absence of any evidence to the contrary, that it was given. But we are not to be understood as deciding anything as to the necessity for such notice and consent, inasmuch as the sheriff, the only person entitled to make the question, has not appealed, and is not before us.

The judgment of this court is, that the order appealed from be affirmed.